**Gregory L. Abbott**, OSB 93196
email: gregabbott@comcast.net
Attorney at law
6635 North Baltimore Street, Suite 206-M
Portland, Oregon 97203
Telephone:  (503) 283-4568
Facsimile:  (503) 283-4586
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **ROBIN AVERY**, | Case No.  Cv 08-139-HU |
| Plaintiff, | **COMPLAINT** |
| v. | Unfair Debt Collection Practices; |
| | Violation of 15 USC §1692 (FDCPA) |
| **DANIEL N. GORDON;** | **DEMAND FOR JURY TRIAL** |
| **DANIEL N. GORDON, P.C.,** | |
| an Oregon Professional Corporation; | |
| **FIRST RESOLUTION INVESTMENT** | |
| **CORPORATION**, a foreign corporation | |
| Defendants, | |
| _____ | |

PRELIMINARY STATEMENT

1.      This is an action for money damages brought by a consumer pursuant to the Fair Debt

Collection Practices Act (*"FDCPA"*), 15 U.S.C. §1692, *et seq*, which prohibits

abusive, deceptive and unfair debt collection practices.

PAGE 1 - **COMPLAINT**

2.    Plaintiff's claims arise from defendants' attempts to collect a debt in Oregon through means and instrumentalities of interstate commerce and the mails.

JURISDICTION

3.    Jurisdiction for federal claims arises under 15 U.S.C. §1692k(d).

4.    Venue is proper in this judicial district under 28 U.S.C. 1391(b).

PARTIES

5.    Plaintiff is a natural person residing in Washington County, Oregon, and a consumer.

6.    Defendant Daniel N. Gordon, P.C. is an Oregon domestic Professional Corporation and a debt collector as defined by 15 U.S.C. §1692 (*"Gordon P.C."*)

7.    Defendant Daniel N. Gordon is an individual, a resident of Oregon, an active member of the Oregon State Bar, an employee of *Gordon P.C.* acting within the scope of his employment and a debt collector as defined by 15 U.S.C. §1692(*"Gordon"*).

8.    Upon information and belief, defendant First Resolution Investment Corporation is a Nevada Corporation and a debt collector as deined by 15 U.S.C. §1692 (*"First Resolution"*)

IV.  FACTUAL ALLEGATIONS

9.    Prior to November 5, 2001, plaintiff was obligated for a consumer debt on a credit card account (*"the account"*) maintained by Providian National Bank (*"Providian"*).

10.   Pursuant to the terms of the credit-card account holder agreement (*"Card-Holder Agreement"*), the law of the State of New Hampshire and United States federal law

PAGE 2 - **COMPLAINT**

exclusively applied to all terms and disputes arising out of the *Card-Holder Agreement*.

11.     The State of New Hampshire's statute of limitations applicable to any collection action arising out of the *Card-Holder Agreement* is three (3) years.

12.     The last payment that plaintiff made on *the account* was credited to *the account* on November 5, 2001, which, after credit was given, left an outstanding balance on the account (*"the debt"*).

13.     *The debt* was sold, transferred or assigned by Providian.

14.     *First Resolution* purports to have purchased the debt on or about July 24, 2004.

15.     On or about November 5, 2004, the time to commence a legal action for *the debt* expired.

16.     On or about December 19, 2006 plaintiff commenced a legal action in the District Court of Oregon, to wit: *Robin Avery v. First Resolution Management Corp., First Resolution Investment Corp., Derrick E. McGavic, Esq., and Kristin K. Finney, Esq.*, Dist. of Or. Case No. CV-06-1812-HA (*"the lawsuit"*).

17.     On or about January 31, 2007 *Gordon* and *Gordon, P.C.* filed a counterclaim in *the lawsuit* on behalf of *First Resolution* in an attempt to collect *the debt* from plaintiff (*"the Counter-Claim"*).

18.     As an inherent part, and in support, of *the Counter-Claim*, *Gordon*, *Gordon P.C.*, and *First Resolution* attached as Exhibit 1 a true copy of a cardholder agreement, dated 11/00, along with an amendment to said account agreement dated 5/01, together of

which they alleged to be the true *Card-Holder Agreement* and the contractual basis

obligating plaintiff to *First Resolution* and upon which they sought to collect *the debt*.

19.    The cardholder agreement attached to *the Counter-Claim* and attempted to be

collected upon from plaintiff was not the cardholder agreement governing *the debt*

and materially differed in several respects from the true *Card-Holder Agreement*.

20.    As part of *the Counter-Claim*, *Gordon*, *Gordon P.C.*, and *First Resolution* alleged that

"[p]laintiff is indebted on the credit card as of June 24, 2002 in the amount of

$3,807.28, plus interest thereon at the contract rate of 23.99% per annum from June

24, 2002 until paid."  Said amount included approximately $786.63 in capitalized

charges and interest which were not authorized by *the Card-Holder Agreement*.

V.  **FIRST CLAIM FOR RELIEF - Attempted Collection of Unauthorized Charges**

21.    Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

22.    Within the year next preceding filing of this complaint and in connection with

defendants attempting to collect *the debt*, defendants used false, deceptive and

misleading representations and means in violation of 15 U.S.C. §1692e by

misrepresenting the character, legal status, or amount of *the debt*.

23.    Within the year next preceding filing of this complaint and in connection with

defendants attempting to collect of *the debt*, defendants used unfair and

unconscionable means in violation of 15 U.S.C. §1692f by attempting to collect

interest, fees, and charges which were not authorized by *the Card-Holder Agreement*

creating *the debt* nor permitted by law.

PAGE 4 - **COMPLAINT**

24.    Pursuant to 15 U.S.C. §1692k(a)(2)(A), defendants are each liable to plaintiff for

$1,000.00 in statutory damages.

25.    Pursuant to 15 U.S.C. §1692k(a)(3), plaintiff is entitled to her attorney fees and costs.

## VI.  SECOND CLAIM FOR RELIEF - Invalid Cardholder Agreement

26.    Paragraphs 1 through 20 are re-alleged and incorporated herein by reference.

27.    Within the year next preceding filing of the complaint and in connection with

defendants attempting to collect *the debt* pursuant to an invalid cardholder agreement,

defendants used false, deceptive and misleading representations and means in

violation of 15 U.S.C. §1692e by misrepresenting the character, legal status, or

amount of *the debt*.

28.    Pursuant to 15 U.S.C. §1692k(a)(2)(A), defendants are each liable to plaintiff for

$1,000.00 in statutory damages.

29.    Pursuant to 15 U.S.C. §1692k(a)(3), plaintiff is entitled to her attorney fees and costs.

## VII.  THIRD CLAIM FOR RELIEF - Attempted Collection of Time-Barred Debt

30.    Paragraphs 1 - 20, and 22 - 25 are re-alleged and incorporated by reference.

31.    As part of *the lawsuit*, the Court found that collection of *the debt* was not time-barred.

That finding is currently on appeal in the 9th Circuit Court of Appeals.  Plaintiff, faced

with the imminent expiration of her own statute of limitations herein and said appeal

still pending, brings this claim on a precautionary basis in order to preserve her claims

in the event of a reversal.

*WHEREFORE*, plaintiff demands judgment in her favor and against defendants as follows:

Under her First Claim for Relief, $1,000 from each defendant in statutory damages, along with her reasonable attorney fees and costs.

Under her Second Claim for Relief, $1,000 from each defendant in statutory damages, along with her reasonable attorney fees and costs.

Under her Third Claim for Relief, $1,000 from each defendant in statutory damages, along with her reasonable attorney fees and costs

Dated: January 30, 2008.

_____
Gregory L. Abbott, OSB # 93196
Telephone:  (503) 283-4568
Attorney for Plaintiff

PAGE 6 - **COMPLAINT**