**Gregory L. Abbott**, OSB 93196
email: gregabbott@comcast.net
Attorney at law
6635 North Baltimore Street, Suite 206-M
Portland, Oregon 97203
Telephone: (503) 283-4568
Facsimile: (503) 283-4586
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **ROBIN AVERY,**<br><br>Plaintiff,<br><br>v.<br><br>**DANIEL N. GORDON;**<br>**DANIEL N. GORDON, P.C.,**<br>an Oregon Professional Corporation;<br>**FIRST RESOLUTION INVESTMENT**<br>**CORPORATION**, a foreign corporation<br><br>Defendant. | Case No. CV08-0139-HU<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND STAY OF PROCEEDINGS** |

1. PRELIMINARY STATEMENT OF FACTS

This case seeks statutory damages, under plaintiff's first two claims for relief, from First Resolution Investment Corporation ("*First Resolution*") and its attorneys, Daniel N. Gordon (*"Gordon"*) and Daniel N. Gordon, P.C. (*"Gordon P.C."*) resulting from defendants' failures to comply with the Fair Debt Collections Practices Act (*"FDCPA"*), 15 U.S.C. §1692, *et. seq.* Plaintiff's third claim for relief seeks statutory damages under the *FDCPA* for defendants' filing suit against plaintiff in an attempt to collect a debt that was time-barred.

Prior to 2002, plaintiff had a credit card account with Providian Bank. *Declaration of Robin Avery*. Pursuant to the terms of the governing cardholder agreement (the *"6/01 Cardholder Agreement"*), federal law and the law of the State of New Hampshire applied to all disputes arising out of the credit card account. *Exhibit 1, Declaration of Robin Avery*. New Hampshire law provides for a 3 year statute of limitations on credit card accounts. *RSA 508:4*. Plaintiff's last payment on the account was made in November, 2001. *Declaration of Robin Avery; Exhibit B, Page 2, Paragraph 9, Concise Statement of Material Facts*. The next payment on her account was due December 16, 2001 which plaintiff did not make and became in default, owing Providian Bank a total of $3,021.04 as of said default date (the *"Debt"*). *Exhibit B, Page 3, Paragraph 13, Concise Statement of Material Facts*.

Defendants first filed suit against plaintiff in an attempt to collect the *Debt* on February 9, 2006 (*"First Civil Action"*). That lawsuit was dismissed without prejudice on October 11, 2006. *Exhibit B, Page 3, Paragraphs 17-18, Concise Statement of Material Facts*. On December 19, 2006, plaintiff commenced a lawsuit against the defendants for having filed the *First Civil Action* after the expiration of the New Hampshire statute of limitations - to wit: <u>Robin Avery v. First Resolution Investment Corp., et. al.</u>, Dist. Or. Case No. CV'06-1812-HA (the *"Federal Case"*). *Exhibit B, Page 3, Paragraph 19, Concise Statement of Material Facts*. On January 31, 2007, defendants filed a counter-claim (the *"Counter-Claim"*) against plaintiff in the *Federal Case* in an attempt to collect the *Debt*, alleging that plaintiff owed defendant *First Resolution* $3,807.28 as of June 24, 2002. *Exhibit B, Page 3, Paragraph 20, Concise Statement of Material Facts* and *Exhibit A, Concise Statement of Material Facts*. As an integral part of the *Counter-Claim*, defendants attached a copy of a cardholder agreement which they alleged was the basis for

plaintiff's liability to them and which was dated "11/00" and contained an amendment dated "5/01" (the *"11/00 Cardholder Agreement"*).  *Exhibit A, Concise Statement of Material Facts*.

On cross motions for summary judgment in the *Federal Case*, an Opinion & Order was entered on May 25, 2007 (*"Opinion & Order"*) holding that collection of the *Debt* was not time-barred and that the court declined to exercise subject matter jurisdiction over the *Counter-Claim*. *Exhibit B, Page 4, Paragraphs 21-22, Concise Statement of Material Facts*.  Defendants subsequently filed a second civil lawsuit in an attempt to collect the *Debt* on or about June 8, 2007 in the Washington County Circuit Court for the State of Oregon (the "*Second Civil Action*").  *Exhibit B, Page 4, Paragraph 23, Concise Statement of Material Facts*.

Judgment was entered in the *Federal Case* dismissing plaintiff's claim under the *FDCPA* with prejudice on August 8, 2007 and plaintiff filed a Notice of Appeal in the *Federal Case* on August 17, 2007 (the "*Appeal*").  *Exhibit B, Page 4, Paragraphs 26, 32, Concise Statement of Material Facts*.

Plaintiff filed this action on January 31, 2008 seeking statutory damages for defendants having sought to collect more than was authorized by the *6/01 Cardholder Agreement*; for having attempted to collect the *Debt* pursuant to the terms of an invalid cardholder agreement, the *11/01 Cardholder Agreement*; and, to preserve her rights if the *Appeal* results in a ruling that defendants' collection attempts are time-barred.

II.     APPLICABLE JUDICIAL STANDARDS

    A.     Summary Judgment

Under Fed. R. Civ. P. 56(a), a party seeking to recover upon a claim may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion

for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

*B. Overview of the Fair Debt Collection Practices Act ('FDCPA ')*

The *FDCPA* prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection or attempted collection of consumer debt. *Heintz* v. *Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 305 (1995). It was enacted in 1977 to address abuses in debt collection practices through a statutory scheme that avoids *"traditional stringent evidentiary hurdles"* associated with common law claims. 15 U.S.C. 1692(a)-(d), *Baker* v. *G.C. Services Corp.,* 677 F.2d 775 (9th Cir. 1982). It is not simply a federal codification of common-law remedies, but, rather, provides a statutory remedy for noncompliance with its terms and proscribed debt collection activity. *Fox* v. *Citicorp Credit Services, Inc.,* 15 F3d 1507,1516 (9th Cir., 1994).

§1692k provides two independent causes of action with distinct purposes. The first is compensatory under §1692k(a)(1). The second is regulatory under §1692k(a)(2)(A) which allows the court to award additional or statutory damages. *Cloman* v. *Jackson,* 988 F2d 1314, 1322 (2nd Cir., 1993), *Padilla* v. *Payco General American Credits, Inc.,* 191 F.Supp. 2d 264 (S.D.N.Y. 2001), *cf., Kobs* v. *Arrow Service, Inc.,* 134 F3d 893 (7th Cir, 1998). Consistent with its remedial purpose and the evil being addressed, the *FDCPA* has been construed to be a strict liability statute subject to a *bonafide* error defense. §1692(a) - (d), *Clark* v. *Capital Credit & Collection Services,* 460 F3d 1162, 1176 & n.11 (9th Cir, 2006), *Pittman* v. *J.J. MacIntyre Co. of Nevada, Inc.,* 969 F.Supp. 609, 612-613 (D.Nev., 1997).

The *FDCPA* applies to collection activity for consumer debt. A debt means any obligation or alleged obligation of a consumer to pay money that arises out of a transaction in which the

property that is the subject of the transaction is purchased primarily for personal, family or household purposes § 1692a(5).  *Slenk* v. *Transworld Systems, Inc.,* 236 F.3d 1072 (9th Cir. 2001), *Charles* v. *Lundgren & Associates,* 119 F.3d 739 (9th Cir, 1997), *Bloom* v. *I.C. Systems, Inc.,* 972 F .2d 1067, 1068 (9th Cir, 1992). It is designed to protect consumers from being subjected to collection activity when a debt is not owed or the amount of a debt is disputed. Consistent with that remedial purpose, it applies to collection activity whether or not a valid debt exists.  *Baker* v. *G.C. Services Corp,* 677 F2d 775, 777-778 (1982).

*FDCPA* liability only attaches to debt collectors who come within its purview. Under the *FDCPA*, a "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. §1692a(6), *Romine* v. *Diversified Collection Services,* 155 F3d 1142, 1145 (9th Cir., 1998).  The term "debt collector" includes attorneys and others engaged in litigation, but excludes from its coverage individuals attempting to collect debts under specific circumstances or relations. §1692a(6), *Heintz* §1692a(6)(A)-(F).

The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed. §1692a( 4). The term creditor does not include any person to the extent that the person receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection for another. § 1692a( 4). The exclusions from *FDCPA* coverage include creditors attempting to collect their own debt, but includes any creditor who, in the process of collecting its own debts, uses any name other than its own indicating that a third person is collecting or attempting to collect the debt. §1692a( 6).

Under §1692e, the *FDCPA* generally prohibits the use of any false, deceptive, or misleading representation or means. It provides a non-exhaustive list of examples of false, deceptive or misleading representations or means without limiting the general prohibition. Whether or not a debt collector has violated §1692e is evaluated under the objective standard of the "least sophisticated debtor". *Wade* v. *Regional Credit Association,* 87 F3d 1098, 1100 (9th Cir., 1996), *Swanson,* at 1227.

Under §1692f, the *FDCPA* generally prohibits the use of any unfair or unconscionable means. Without limiting the general prohibition, it provides a non-exhaustive list of examples of conduct that constitutes unfair or unconscionable means. Whether or not a debt collector has violated §1692f is evaluated under the objective standard of the "least sophisticated debtor". *Heinz,* at 1489, attempting to collect unauthorized charges a violation, *Fox,* at 1516, breaching a payment agreement by garnishment a violation. *Cf., Wade,* at 1100, collecting without a license not a *per-se* violation, *Juras* v *Aman Collection Service, Inc,* 829 F.2d 739 (9th Cir, 1987).

Under §1692k(a), any person injured is provided a remedy for actual and additional damages for a debt collector's failure to comply with the *FDCPA*. There is no requirement that the person injured be the consumer to recover. *Mathis* v. *Omnium Worldwide, Inc.,* United States District Court (Oregon), Case No. CV '04 1614 AA, Opinion and Order, The Honorable Ann Aiken, filed November 27, 2005.

Debt collectors who violate the *FDCPA* are liable for any additional damages the court deems appropriate not exceeding $1,000. §1692k(a). These are commonly referred to as statutory damages and are recognized as an expression of Congressional intent that private enforcement actions are the primary enforcement tool of the *FDCPA*. Under the plain language,

statutory damages are available under §1692k(a)(2)(A) without proof of actual damages. *Baker,* at 780-781; *Harvey* v. *United Adjusters,* 509 F.Supp. 1218,1222-1223 (D.Or 1981).

The limitation of $1,000 in statutory damages is a limit that applies per proceeding without regard to the number of violations. §1692k(a), *Harvey,* at 1222, *Barber* v. *National Revenue Corp.,* 932 F. Supp 1153,1155 (W.D. Wis 1996). In this judicial district, the limitation is per proceeding, but is available to each plaintiff from each defendant in one proceeding. *Jordan* v. *Fischer, Americontinental Collection Corp,* United States District Court (Oregon), Case No. 96-1433, Opinion, filed December 1, 1997, Magistrate Judge Ashmanskis, and *Barber* v. *National Revenue Corp.,* 932 F. Supp 1153, 1155 (W.D. Wis 1996).

Entitlement to the maximum award of $1,000 is not automatic. Rather, the amount to be awarded is based upon mandatory consideration of factors. §1692k(b).

The *FDCPA* is a strict liability statute. *Clark.* However, debt collectors may avoid liability for noncompliance if they show that a violation was not intentional and resulted from a *bonafide* error notwithstanding maintenance of procedures reasonably adapted to avoid the error. §1692k(c). The *bona fide* error defense is an affirmative defense for which a debt collector has the burden of proof at trial. *Fox,* at 1513. The debt collector must plead and show that the violation was unintentional. An intentional act that constitutes a violation is fatal. Reliance upon the advice of counsel or a mistake about the law is insufficient. *Baker,* at 779. There must have been a *bonafide* error synonymous with an unintentional clerical error. *Juras,* at 741, forgetting to take into account difference in time zones held to be a *bona fide* error. §1692c(a), §1692d(5), §1692k(c).

III.     ARGUMENT

    A.     First Claim for Relief - Attempted Collection of Unauthorized Charges

There is no dispute that the defendants herein, individually or through an agency relationship, filed suit against plaintiff attempting to collect $3,807.28 plus 23.99% per annum interest thereon from June 24, 2002 until paid. *Exhibit A, Concise Statement of Material Facts*. Nor is there any dispute that the true amount owed on the *Debt* was $3,021.04, plus 23.99% per annum interest, as of December 16, 2001. *Exhibit B, Page 3, Paragraph 13, Concise Statement of Material Facts*. Simple arithmetic establishes that interest accrued on that amount at the rate of $1.9856 per day, resulting in the amount due on the *Debt* as of June 24, 2001 was $3,398.30 (($1.9856 x 190 days) + $3,021.04), or $408.98 more than defendants now admit was owed. Coupled with the $550.23 interest they sought to collect thereon (($408.98 x .2399%)/365 x 2047 days (6/25/01 - 1/31/07)), defendants impliedly admit that in the *Federal Case* they attempted to collect $959.21 more than was owed under the terms of either the *6/01 Cardholder Agreement* or the *11/00 Cardholder Agreement*.

The attempt to collect $959.21 more than was lawfully owed constitutes a direct and clear violation of 15 U.S.C. §1692(e) by falsely representing the character, amount, or legal status of the *Debt* and of 15 U.S.C. §1692(f) in that they attempted to collect an amount not expressly authorized by either Cardholder Agreement or which is otherwise permitted by law.

Plaintiff asks this court to award her $1000 per defendant herein as statutory damages for defendants violations, along with her costs and attorneys fees.

    B.     Second Claim for Relief - Invalid Cardholder Agreement

There is no dispute that defendants filed their *Counter-Claim* against plaintiff, alleging she was liable to *First Resolution* for the *Debt* pursuant to the terms of the *11/00 Cardholder*

*Agreement*. Nor can there be any dispute that the *11/00 Cardholder Agreement* was further amended and superseded by the terms of the *6/01 Cardholder Agreement*. The terms of the two cardholder agreements were materially different. The *6/01 Cardholder Agreement* had a grace period; had no annual fee; had different fees for cash advances or other miscellaneous services offered by Providian Bank to its credit card customers.

Defendants attempt to collect pursuant to the invalid *11/00 Cardholder Agreement* falsely represented the character, amount, or legal status of the Debt; falsely represented that plaintiff was liable for the *Debt* pursuant to terms that did not apply; and constitutes the use of a false, deceptive, or misleading representation in connection with collection of the *Debt*, all in violation of 15 U.S.C. §1692(e).

Plaintiff asks this court to award her $1000 per defendant herein as statutory damages for defendants violations, along with her costs and attorneys fees.

C.      *Third Claim for Relief - Attempted Collection of a Time-Barred Debt*

The *FDCPA* has a one year statute of limitations. The issue of whether the *Debt* is time barred is currently on appeal before the Ninth Circuit Court of Appeals. Although Judge Haggerty found the *Debt* to not be time-barred, other District Courts have found such debts in similar circumstances to be so barred - see McCorriston v. L.W.T., Inc., M.D. Fla., Case No. 8:07-cv-160-T-27EAJ, 2008. Plaintiff brought her claim - and plainly so pled in her *Complaint* herein - solely on a precautionary basis in order to preserve her claim in the event that the Ninth Circuit Court of Appeals holds that suing on the *Debt* is indeed time-barred.

Plaintiff asks the court to simply stay all proceedings under her *Third Claim for Relief* herein, pending the ruling of the Court of Appeals. Defendants suffer no prejudice therefrom and

plaintiff's rights under a consumer protection statute are thereby preserved pending the outcome of the appeal.

IV.    SUMMARY

There are no material facts in dispute.  Defendants attempted to collect $959.21 more than was authorized by either cardholder agreement - a fact which, along with simple arithmetic, they stipulated to in the *Second Civil Action*, despite having continued to seek the wrong amount in that second state court action, *after* it was called to their attention in the *Federal Case*. Defendants falsely misrepresented the *11/00 Cardholder Agreement* as being the cardholder agreement and terms which obligated plaintiff to *First Resolution*.  Plaintiff is entitled to an award of statutory damages as a matter of law.  Plaintiff's *Third Claim for Relief* was brought on a purely preservative basis.  No prejudice will result to defendants by this court simply staying further proceedings thereon until after the Ninth Circuit Court of Appeals has opportunity to rule on whether collection of the *Debt* is time-barred.

*DATED* this 3rd Day of July, 2008.


          /s/ Gregory L. Abbott
Gregory L. Abbott, OSB # 931969
Telephone: 503-283-4568
Attorney for Plaintiff