**Gregory L. Abbott**, OSB 93196
email: gregabbott@comcast.net
Attorney at law
6635 North Baltimore Street, Suite 206-M
Portland, Oregon 97203
Telephone: (503) 283-4568
Facsimile: (503) 283-4586
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **ROBIN AVERY,** | Case No. CV 08-139-HU |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **DANIEL N. GORDON, DANIEL N. GORDON, P.C., an Oregon Corporation; and FIRST RESOLUTION INVESTMENT CORP., a Foreign Corp.** | |
| Defendants. | |

Congress intended that the Fair Debt Collection Practices Act (*"FDCPA"*), 15 U.S.C. §1692, *et seq*, serve as a remedial statute aimed at curbing an industry-wide pattern and propensity towards abusing debtors and that private enforcement actions would be the primary enforcement tool. <u>Guerrero v. RJM Acquisitions LLC</u>, *499 F.3d 926 (9th Cir. 2007)*, citing <u>Clark v. Capital Credit & Collection Servs.</u>, *460 F.3d 1162, 1171 (9th Cir. 2006)*, <u>Baker v. G.C. Services Corp.</u>, *677 F.2d 775 (9th Cir. 1982)*. The *FDCPA* prohibits abusive, deceptive and unfair debt collection practices. It is not simply a federal codification of common-law remedies, but, rather, provides a statutory remedy for noncompliance with its terms and proscribed debt

1 - PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S MOTION FOR SUMMARY JUDGMENT

collection activity.  *Fox v. Citicorp Credit Services, Inc.*, 15 F3d 1507, 1516 (9th Cir., 1994). This is an action brought by a consumer for additional damages under §1692(k)(2)(A) which is the private enforcement provision of the *FDCPA*.

Defendants Daniel N. Gordon and Daniel N. Gordon P.C. (hereinafter "Gordon") controvert the purpose of additional damages under the *FDCPA* by impugning plaintiff in a manner which is the very conduct the *FDCPA* seeks to regulate.  When only statutory damages are sought, the conduct and character of a plaintiff is wholly irrelevant.

Even so, plaintiff has been sued by the defendants herein, jointly or severally, in four legal actions, three of which relate to the same debt.  The defendants have, as yet, failed to validate the amount of any debt they sought to collect from plaintiff in any of the four legal actions which, of itself, supports the maximum award of $1,000 against each defendant for intentional, frequent and persistent noncompliance.  §1692k(b).

In addition to the relations defendants present in this case, Gordon, a high volume collection attorney, has a prior Judgment entered against him for noncompliant collection practices, a civil action for noncompliant collection practices that was filed and settled and other legal actions currently pending for noncompliant collection practices.  *Declaration of Gregory L. Abbott*.  A brief search also reflects that defendant First Resolution Investment Corporation ("First Resolution") has, nationally, been a party to seventeen legal actions, inclusive, for noncompliant debt collection practices in the last three years including a case commenced by the United State of America.

Gordon has moved for summary judgment on the grounds that (1) the action is time-barred; noncompliance with the *FDCPA* resulted from *bona fide* error(s); interactions were solely

with plaintiff's attorney and plaintiff is precluded from asserting her third claim for relief under the doctrine of claim preclusion.

Plaintiff requests that Gordon's motion be denied and that her motion be granted as to liability and monetary damages in the sum of $1,000 per defendant.

### Plaintiff's Claims Are Timely

When an *FDCPA* claim is based solely upon the filing of a Complaint, the triggering event for *FDCPA* liability is the filing of the Complaint. *Naas v. Stolman*, 130 F.2d 892-93 (9th Cir. 1997). FRCP Rule 6(a)[1] provides that in calculating any time period governed thereunder, the time period commences the day after the triggering event. Plaintiff commenced this case on January 31, 2008 which is the anniversary date of defendants filing the counter-claim.

Defendants rely solely upon *Mattson v. U.S. West Communications*, 967 F.2d 259 (8th Cir. 1992) for the proposition that this case was filed one day too late. Every other circuit to have considered the issue has rejected the holding in *Mattson*. See, e.g., *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002), *Maloy v. Phillips*, 64 F.3d 607 (11th Cir. 1995), citing *Maahs v. United States*, 840 F.2d 863, 866-67 (11th Cir. 1988). See also, *Clark v. Bonded Adjustment Co.*, 176 F.Supp.2d 1062 (E.D. Wash. 2001) (specifically holding that Rule 6(a) applies to FDCPA actions),

Indeed, the *Riddle* court found "Mattson is dubious authority for several reasons. Mattson relied for its conclusion that claims must be filed before the anniversary on a single case. Id. at 262. That case, *Rust v. Quality Car Corral, Inc.*, 614 F.2d 1118 (6th Cir. 1980) has since

---

[1] "The following rules apply in computing any time period specified in these rules or in any local rule, court order, or statute: (1) *Day of the Even Excluded*. Exclude the day of the act, event, or default that begins the period...(3) *Last Day*. Include the last day of the period unless it is a Saturday, Sunday, legal holiday,..." *FRCP* 6(a)

**3 -     PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S
         MOTION FOR SUMMARY JUDGMENT**

been overruled - on precisely the point relied upon by Mattson - by the Sixth Circuit sitting *en banc*. *Bartlik v. United States Dept. of Labor,* 62 F.3d 163, 166 (6th Cir. 1995). Apparently every other circuit to have weighed in on the issue has rejected the position adopted by Mattson; indeed, two circuits termed the position later adopted by Mattson "frivolous." United Mine Workers v. Dole, 870 F.2d 662, 665 (D.C. Cir. 1989); Frey, 748 F.2d at 175." *Riddle at Paragraph 34*.

Defendants' first defense fails as a matter of law.

### Defendants' Noncompliance Does Not Constitute a Bona-fide Error

The *FDCPA* has been construed to be a strict liability statute subject to a *bona fide* error defense. §1692k(c) provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

The *bona fide* error defense is an affirmative defense for which a debt collector has the burden of proof at trial. *Fox*, at 1513. The debt collector must plead and show that a violation was unintentional. An intentional act that constitutes a violation is fatal. Reliance upon the advice of counsel or a mistake about the law is insufficient. *Baker*, at 779. There must have been a *bona fide* error synonymous with an unintentional clerical error. *Juras v Aman Collection Service, Inc*, 829 F.2d 739, 741 (9th Cir, 1987) (forgetting to take into account difference in time zones to place a telephone call held to be a *bona fide* error). §1692c(a), §1692d(5), §1692k(c).

The threshold requirement for claiming a *bona fide* error, is the admission of an error by the debt collector. Defendants have failed to admit or plead an error and, in the absence of admitting error, the purported *bona fide* error defense fails as a matter of law. In the absence of

4 -   PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S
      MOTION FOR SUMMARY JUDGMENT

an admitted error, noncompliant activity cannot constitute unintentional error for which there can be a showing of procedures reasonably adapted to avoid the error.

If a debt collector admits an error and demonstrates that noncompliant debt collection activity was unintentional, the remaining inquiry is whether the debt collector maintains procedures reasonably adapted to avoid the error. "[T]he procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained' - i.e. actually employed or implemented - procedures to avoid errors; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." *Reichert v. Nation Credit Systems*, No. 06-15503, (9th Cir. July, 2008).

Gordon argues that they are not liable for noncompliance with the *FDCPA* because, they allege, such violations resulted from *bona fide* errors.[2] The *FDCPA* is a strict liability statute which is only mitigated by §1692k(c).[3] Courts have consistently interpreted this affirmative defense narrowly in order to carry out the remedial scheme and protective purpose of the statute which seeks to overcome the *"traditional stringent evidentiary hurdles"* associated with common law claims. 15 U.S.C. 1692(a)-(d), *Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982). Qualifying errors are limited to clerical errors. *Spencer v. Hendersen-Web, Inc.*, 81 F. Supp.2d 582, 591 (D. Md., 1999).

---

[2] First Resolution is vicariously liable for the acts of its attorneys and, notably, has not presented a *bona fide* error defense in opposition to summary judgment.

[3] 15 U.S.C. §1692k(c) provides: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

**5 -    PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S MOTION FOR SUMMARY JUDGMENT**

Gordon proclaims a list of office procedures it asserts constitute the "maintenance of procedures reasonably adapted to avoid any such error". None, however, are relevant to the noncompliant collection activity at issue herein which are (1) filing a legal action for an incorrect amount, and (2) misrepresenting the governing contract in a pleading. There is no evidence that the procedures relied upon attempt to authenticate the amount of the debt or the governing contract.

Debt collectors cannot escape liability under the *FDCPA* through blind reliance on a creditor. *Clark v. Capital Credit & Collection Serv.*, 460 F.3d 1162, (9th Cir. 2006). Even if the noncompliance was initially unintentional, the Complaint in *Avery v. First Resolution Investment Corp. et. al.*, D. Or. Case No. CV 06-1812-HA ("*First Federal Court Action*") specifically alleged one of the violations at issue, attempting to collect more than was lawfully due, giving Gordon actual knowledge or reason to know that the information blindly relied upon was in error.

Further, the Opinion and Order in the *First Federal Court Action* specifically recounted the allegations of overcharging. Notwithstanding such direct notice, a third collection action for the same debt in the same amount was filed against plaintiff on June 8, 2007 in state court ( *see First Resolution Corp. v. Robin L. Avery*, Wash. Cty. Case No. C072380CV - hereinafter "*Second State Court Action"*). Declaration of Gregory L. Abbott, Exhibit 1.

Gordon cites *Moya v. Hocking*, 10 F.Supp.2d 847 (W.D. Mich. 1998) and *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025 (6th Cir. 1992) for the proposition that a debt collector may rely upon the information furnished to it from its clients without incurring liability. A careful reading of those cases, however, reveals what the *Clark* court expressly held - any such reliance has to be **reasonable** under the facts and circumstances of a particular case ("...the bona

6 -     PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S
        MOTION FOR SUMMARY JUDGMENT

fide error defense will not shield a debt collector whose reliance on the creditor's representation is unreasonable...") *Clark*, at 1177.

Gordon argues that *Heintz v. Jenkins, 124 F.3d 824 (6th Cir. 1997)* says that a debt collector may rely upon the amount of the debt as reported to them by their clients. *Heintz* however found that the debt collector in that case had both elaborate and reasonable preventive procedures in place aimed specifically at avoiding the errors complained of.

The Ninth Circuit addressed the procedures requirements of a bona-fide error defense in *Reichert* stating that "[i]n *Jenkins v. Heintz*, that court held that evidence of a debt collector's "elaborate procedures" satisfied the debt collector's burden under the defense. *See 124 F.3d 824, 834-35 (7th Cir. 1997)*. The procedures included a requirement that the creditor verify under oath that each charge was accurate, as well as "the publication of an in-house fair debt compliance manual, updated regularly and supplied to each firm employee; training seminars for firm employees collecting consumer debts; and an eight-step, highly detailed pre-litigation review process to ensure accuracy and to review the work of firm employees to avoid violating the Act." *Reichert at 8141*. See also, *Reichert*, citing *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 421 (8th Cir. 2008), ("employees received specific instructions to segregate principal and interest in setting up the accounts received from Pinnacle so as to avoid charging interest on interest") [one of the errors alleged herein].

In contrast, Gordon's *Declaration* contains no indication that the amounts they seek to collect are even reviewed, let alone verified or attested to under oath by the creditor. Indeed, in this case, both Gordon and his clients had documents in their possession - the monthly billing statements for March, April, May and June 2002 - which reflect $35 charges for the monthly late

7 -   **PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S MOTION FOR SUMMARY JUDGMENT**

fee - and the cardholder agreement (either the erroneous one they relied upon in their counter-claim or the correct one) which specified a maximum late charge of $29 per month.

Neither does Gordon's Declaration indicate that there is any sort of procedure in place to assure that they sue under the correct cardholder agreement. Plaintiff was originally sued in Oregon Circuit Court (*First Resolution Investment Corp. v. Avery*, Wash. Cty. Circ. Ct. Case No. C060477CV (the "*First State Court Action*"). In both the *First State Court Action* and the *First Federal Court Action*, plaintiff's liability was alleged pursuant to a cardholder agreement dated 11/00. In the *Second State Court Action* - an action on the exact same debt - Gordon P.C. alleged plaintiff was liable for the debt pursuant to a cardholder agreement dated 9/00. *See Declaration of Gregory L. Abbott, Exhibit 1*. It appears that Gordon pays little or no attention to which cardholder agreements it sues under, negating both their claims of the errors being "unintentional" and any claim that they have procedures in place to avoid the very errors they are charged with making.

Instead of adopting procedural safeguards to assure that the sums they sue for are valid and the basis of a potential defendant's liability accurate, Gordon asserts that he relies upon his collection agency clients file and proclaims that First Resolution has been accurate in the past. "The fact that the creditor provided accurate information in the past cannot, in and of itself, establish that reliance in the present case was reasonable and act as a substitute for the maintenance of adequate procedures to avoid future mistakes." *Reichert at 8142*.

"When we spoke in *Clark* of the non-liability of a debt collector who "reasonably relies" on the reported debt, we were referring to a reliance on the basis of procedures maintained to avoid mistakes. A debt collector is not entitled under the *FDCPA* to sit back and wait until a creditor makes a mistake and then institute procedures to prevent a recurrence. To qualify for the

8 -    PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S
         MOTION FOR SUMMARY JUDGMENT

bona fide error defense under the *FDCPA*, the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors, including, but not limited to, errors in calculation and itemization....If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. *See Wilhelm, 519 F.3d at 421*. Only then is the mistake entitled to be treated as one made in good faith." Reichert at 8143.

      Daniel Gordon's Declaration is largely conclusionary and non-specific. While his Declaration lists a variety of in-house procedures, he fails to ever aver that those procedures were followed in this specific case. Instead, he proclaims that all employees under go "training" but fails to state specifically who trains them or what qualifications the instructor has. Employees pass a "test" but no sample is provided, nothing is said as to the length and difficulty level of the "test", and nothing is specified as to how many questions an employee may get wrong and still "pass" the test. Gordon avers that based upon the information in his file, he had no reason to believe that the plaintiff was not liable for $3,807.28 - yet the same file contained both a cardholder agreement indicating the maximum monthly late fee was $29 and the billing statements Gordon says he relied upon in determining in his personal "pre-suit analysis" that plaintiff owed $3,807.28 - statements that clearly charged plaintiff $35 late fees for four months.

      In the *First Federal Court Action*, Gordon attached and relied upon a cardholder agreement dated "11/00" with a 5/01 amendment. In their *Second State Court Action*, filed approximately six months later, Gordon P.C. attached and relied upon a cardholder agreement

9 -      **PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S MOTION FOR SUMMARY JUDGMENT**

dated "9/00" - *after* plaintiff had already told them and produced the cardholder agreement dated "6/01" actually received by plaintiff.

As a matter of law, Gordon has failed to demonstrate procedures reasonably adapted to avoid the error complained of and plaintiff is entitled to summary judgment for liability and additional damages in the sum of $1,000 against each defendant.

### Communicating Solely with a Consumer's Attorney Does Not Vitiate *FDCPA* Liability For False, Deceptive, Misleading and Unfair Representations and Means

Under the *FDCPA*, the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. §1692a(2).

Gordon relies solely upon *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926 (9th Cir. 2007) for the proposition that filing a false claim is not actionable merely because a consumer is represented by an attorney.[4] Contrary to that, the holding in *Guerrero* is limited to extrajudicial communications and does not extend to false, deceptive and misleading representations and means during litigation. See, *Heintz v. Jenkins*, 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d. 305 (1995), (the term "debt collector" includes attorneys and others engaged in litigation). *Guerrero* involved claims against a collection agency for sending two letters to the debtor's attorney. *Guerrero* held that "communications" directed solely to a debtor's attorney, and unaccompanied by any threat to contact the debtor, are not actionable under the Act". *Guerrero at 936*. The dissent in *Guerrero* characterized the holding as meaning that "a debtor is protected against false, deceptive, or misleading representations only so long as she does not retain an attorney".

---

[4] Gordon also cites Oregon case law interpreting Oregon's Unfair Debt Collection Practices Act ("*UDCPA*") despite plaintiff's not bringing any claims thereunder. Contra, the *UDCPA* is not a strict liability statute because it requires a willful violation.

10 -   PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S
       MOTION FOR SUMMARY JUDGMENT

*Guerrero* at 946. The majority then clarified that "the Act applies to conduct aimed at a debtor himself regardless of whether he has retained counsel. We merely hold that when the debt collector ceases contact with the debtor, and instead communicates exclusively with an attorney hired to represent the debtor in the matter, the Act's strictures no longer apply to those communications." *Guerrero, at 939*.

§1692(c) regulates permissible communications in connection with debt collection. Plaintiff's claims allege violations of §1692e false or misleading *representations or means* in connection with collection of a debt, and §1692f unfair or unconscionable *means* in attempting to collect a debt. None of the claims presented rely upon a "communications" under §1692c or §1692g to which *Guerrero* applies. Rather, the claims focus on representations and means utilized in connection with attempting to collect a debt during litigation.

Filing of a counter-claim seeking money that plaintiff did not owe and including false evidence of the terms and conditions of contract are actionable as false representations and unfair means by the plain and ordinary meaning of §1692(e) and (f).

When a communication is targeted exclusively at a debtor's attorney, *Guerrero* excludes that communication from the protections of the Act. Nothing in *Guerrero* holds that utilization of false, deceptive, or misleading representations or means in attempting to collect a debt is permissible just because the debtor has an attorney - the court expressly held that the Act still applies to conduct aimed at the debtor, regardless of whether he has an attorney. Nor is a counter-claim attempting to collect amounts not authorized by agreement or law, pursuant to a false contract, equivalent to just sending a letter to a consumer's attorney. It is not the document per se that is the violation but rather the false, deceptive, and misleading attempt to collect from

11 -     PLAINTIFF'S RESPONSE TO DEFENDANTS' GORDON AND GORDON P.C.'S
         MOTION FOR SUMMARY JUDGMENT

the consumer (not her attorney) that constitutes the violation of §1692(e) and (f) and is what is actionable.

*Guerrero* does not preclude plaintiff's claims herein and Gordon's reliance thereon is misplaced. Defendants Gordon's motion for summary judgment should be denied.

### Claim Preclusion

Plaintiff incorporates herein her motion for a stay of proceedings on her Third Claim for Relief and supporting argument therein in response to Gordon's motion. To the extent that plaintiff is awarded full statutory damages of $1,000 per defendant herein under her first two claims for relief, her third claim is moot. To the extent that she does not, her third claim for relief should be stayed pending resolution of her appeal.

### Conclusion

Plaintiff's claims herein are timely. Defendants Gordon are required, but have failed, to present a qualifying bona fide error defense. The natural and most likely result of blind reliance on First Resolution, a remote assignee of the debt, to state the amount owed is that Gordon has and continues to commence legal actions to capitalize amounts not owed, by obtaining predominantly default judgments against unsophisticated and financially distressed consumers based upon predatory lending practices. While *Guerrero* excludes communications directed solely at a debtor's attorney (which filing a counter-claim against plaintiff was not), it limits its holding to statutorily defined communications and does not exclude claims otherwise based upon abuse of the judicial process. Gordon's motion should be denied and summary judgment should

be entered in favor of plaintiff for liability and $1,000 in statutory damages against each defendant.

*DATED* this 17th Day of July, 2008

    /S/ Gregory L. Abbott
Gregory L. Abbott, OSB # 931969
Telephone: 503-283-4568
Attorney for Plaintiff